

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00169-CR

EX PARTE ADOUN PHOMMIVONG

On Appeal from the 251st District Court
Potter County, Texas
Trial Court No. 64,888-C, Honorable Ana Estevez, Presiding

November 15, 2016

## ABATEMENT AND REMAND

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Adoun Phommivong, appeals the denial of a writ of habeas corpus filed under Article 11.072 of the Texas Code of Criminal Procedure. The court reporter's record was filed on April 26, 2016. On June 15, 2016, we abated this appeal and remanded the cause to the trial court after appellant failed to make payment arrangements for the clerk's record. The trial clerk's record was filed on June 21, 2016, before the trial court's hearing, and we reinstated the appeal on our docket the following day.

Consequently, appellant's brief was originally due to be filed by July 22, 2016. *See* TEX. R. APP. P. 31.1, 38.6. We granted appellant three extensions to file his brief, and his brief was due by October 12. On October 19, this Court sent appellant notice that his brief was past due. In that letter, this Court informed appellant that, if he failed to file his brief by October 31, the appeal would be abated and the cause remanded to the trial court without further notice. To date, appellant has not filed his brief nor responded to our October 19 correspondence.

Accordingly, we now abate this appeal and remand the cause to the trial court. *See* TEX. R. APP. P. 38.8(b)(2). The clerk's record reflects that appellant has retained D. Chris Hesse to represent him on appeal. Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) whether present counsel for appellant has abandoned the appeal; (3) if appellant desires to prosecute this appeal and present counsel has abandoned the appeal, whether appellant is indigent; (4) if appellant desires to prosecute this appeal and is indigent, whether appellant's present counsel should be replaced by appointed counsel; and (5) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued. If the trial court determines that the present attorney for appellant should be replaced, the trial court should cause the Clerk of this Court to be furnished the name, address, email address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file findings of fact, conclusions of law, and recommendations addressing the determinations identified above and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporter's record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the supplemental reporter's record; and (5) cause the records of the proceedings to be sent to this Court. *See* TEX. R. APP. P. 38.8(b)(3). In the absence of a request for extension of time from the trial court, the supplemental clerk's record, supplemental reporter's record, and any additional proceeding records, including any orders, findings, conclusions, and recommendations, are to be sent so as to be received by the Clerk of this Court not later than December 15, 2016.

Per Curiam

Do not publish.